IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00947-RM-MJW

CENTURY SURETY COMPANY, an Ohio corporation,

    Plaintiff,

v.

WILLIAM R. SMITH, an individual,
SCHNEIDER ENERGY SERVICES, INC. n/k/a LAVIR HOLDINGS, INC., a Colorado corporation,
LORENA GARCIA, for herself and as the Personal Representative of the Estate of Reyes Garcia,
ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota corporation.

    Defendants.

## PROTECTIVE ORDER CONCERNING DISCOVERY (Docket No 51-1)

    The Parties to this action, through their counsel of record, stipulate and move the Court to enter this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of "Confidential Information" (as hereinafter defined) and, as grounds therefore, state as follows:

    1.    It is anticipated that one or more Parties to this action will assert that particular information that is disclosed or produced by that Party is confidential and should not be publicly disclosed. In order to expedite disclosure and discovery of such designated information, and to prevent unnecessary delay in the preparation of this action for trial, the Parties therefore stipulate to the following procedure, and request that the Court enter this Protective Order Concerning Discovery.

    2.    Counsel for any Party to this action may designate information disclosed

or produced by that Party as "Confidential Information". Such designation must be made in good faith after careful review and consideration by counsel of the basis for the claimed protection. Blanket designations of confidentiality are prohibited.

    3.     The Confidential Information designation may apply to any document or thing, including electronically stored information, disclosed or produced by the designating Party, transcribed testimony, or response to a discovery request, including any extract, abstract, or copy made therefrom, which has not been previously made publicly available. The Confidential Information designation means that, after good faith review, the Party asserts that the information contains:

    a. A "trade secret or other confidential research, development, or commercial information", as defined in Fed. R. Civ. P. 26(c)(1)(G), of a party and/or its related entities; or

    b. An individual's common law or statutory privacy interests.

    4.     As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

    5.     Documents are designated as Confidential Information by:

    a. Imprinting the word "Confidential" on the document, or the first page or cover of any document produced the entirety of which is asserted to constitute Confidential Information, in a manner that will not interfere with the legibility of the document;

    b. Imprinting the word "Confidential" next to or above any response to a discovery request; or

    c. Designating the document by Bates number and identifying the document as "Confidential" in a disclosure, discovery response or other pleading within twenty (20) days after disclosure or production of the document.

    d. With respect to transcribed testimony, by giving written notice to opposing counsel designating with particularity such portions asserted to constitute Confidential Information no later than twenty (20) calendar days after receipt of the transcribed testimony.

6. Any information provided by a Party that is designated Confidential Information shall be subject to the following restrictions, until otherwise ruled upon by the Court:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an undertaking in the form of Exhibit A has been signed;

    c. No copies of such information shall be made except such copies as are used solely for purposes of this litigation.

    d. Individuals authorized to review such information pursuant to this Protective Order shall hold such information in confidence and shall not divulge the Information, either verbally or in writing, to any other person not authorized to review such information under the terms set

forth herein.

7.  Any Party's counsel who discloses information that has been designated Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons whom such information is disclosed and shall obtain and retain the original statements signed by qualified recipients of Confidential Information in the form attached hereto as Exhibit A, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

8.  During the pendency of this litigation, counsel, their staff, consultants and experts, reproduction services and court reporters, shall retain custody of information that has been designated Confidential Information, and copies made therefrom pursuant to paragraph 6 above.

9.  Whenever a deposition, whether recorded stenographically or by video means, involves testimony concerning the disclosure of information that has been designated as Confidential Information, the particular portions thereof may also be designated as Confidential Information subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever practicable, but a party may designate portions of depositions as Confidential Information after transcription in accordance with paragraph 4(c) above.

10. An opposing party may object to the designation of particular Confidential Information by giving written notice to the party designating the information. The written notice shall identify the information to which the objection is made. Notifying counsel and the designating counsel shall then, in good faith and on an informal basis, attempt to resolve the dispute. If after such good faith attempts, counsel are unable to resolve

the dispute, designating counsel shall file a motion requesting a ruling from the Court whether its Confidential Information designation is sustained or overruled. Such motion shall be filed within fourteen (14) days of receipt of written notice of objection to the Confidential Information designation. The information in dispute shall continue to have Confidential Information status from the time it is produced until a ruling by the Court on the motion.

11. <u>Use of Confidential Information in Court Proceedings</u>: In the event information that has been designated Confidential Information is used in any court filing or pretrial proceeding in this action, it shall not lose its Confidential Information status as between the parties through such use. Any information that has been designated Confidential Information may be used publicly at trial unless the Party seeking the designation obtains a ruling from the Court that such information is protected from unrestricted use at trial. Any motion requesting leave to file documents under ~~seal~~ Restricted Access shall comply with the requirements of D.C.Colo.L.Civ.R 7.2.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of information pursuant to the terms of this Protective Order, and the Court shall retain continuing jurisdiction to determine any issue arising under the terms of this Protective Order until Termination of the case.

13. Upon termination of this litigation, including appeals, and unless other agreement has been entered into by the parties, any document and all copies thereof which have been designated as Confidential Information, the designation of which has not been opposed and ruled upon by the Court, shall be returned to the Party that disclosed or produced the information.

*MJW 8-18-14*

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

15. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated before or during trial.

Dated: August 18, 2014

BY THE COURT:

_____

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

STIPULATED AND AGREED TO BY:

/s Jerad West

L. Kathleen Chaney
Jerad A. West
4949 S. Syracuse Street, Suite 600
Denver, Colorado 80237

*Attorneys for Century Surety Company*

Nancy L. Pearl, Esq.
Laura Trask Schneider, Esq.
Pearl Schneider, LLC
999 18th Street, South Tower, Suite 1850
Denver CO 80202
*Counsel for Defendants St. Paul Fire*


/s Erick Torgersen
Dennis B. Polk, Esq.
Eric E. Torgersen, Esq.
Holley, Albertson & Polk, PC
1667 Cole Boulevard, Suite 100, Building 19
Golden, CO 80401
*Counsel for Defendant William R. Smith*


/s Randal R. Kelly
Randal R. Kelly, Esq.
Kelly Law Firm, LLC
355 West 12th Avenue
Denver, Colorado 80204
*Counsel for Defendant Lorena Garcia*


/s Thomas H. Blomstrom
John R. Chase – jchase@mkadlaw.com
Thomas H. Blomstrom – tblomstrom@mkadlaw.com
1775 Sherman Street, 21st Floor
Denver, CO 80203
*Counsel for Schneider Energy Services, Inc.*

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00947-RM-MJW

CENTURY SURETY COMPANY, an Ohio corporation,

    Plaintiff,

v.

WILLIAM R. SMITH, an individual,
SCHNEIDER ENERGY SERVICES, INC. n/k/a LAVIR HOLDINGS, INC., a Colorado corporation,
LORENA GARCIA, for herself and as the Personal Representative of the Estate of Reyes Garcia,
ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota corporation.

    Defendants.

---

### CONFIDENTIAL UNDERTAKING CONCERNING PROTECTIVE ORDER

---

The undersigned hereby acknowledges that he or she has read the Protective Order dated

_____, 2014, and entered in the above-captioned

action, that he/she understands the terms thereof and agrees to be bound by such terms.

| _____ | _____ |
| Date | Signature |

_____
Name (Printed)

_____
Name (Printed)