IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00947-RM-MJW

CENTURY SURETY COMPANY, *an Ohio corporation*,

Plaintiff,

v.

WILLIAM R. SMITH, *an individual*,
SCHNEIDER ENERGY SERVICES, INC. *n/k/a LAVIR HOLDINGS, INC., a Colorado corporation*,
LORENA GARCIA, *for herself and as the Personal Representative of the Estate of Reyes Garcia*, and
ST. PAUL FIRE & MARINE INSURANCE COMPANY, *a Minnesota corporation*,

Defendants.

## REPORT & RECOMMENDATION
on

**DEFENDANT LORENA GARCIA'S RULE 12(c) MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (Docket No. 73)**

and

**CENTURY SURETY'S MOTION TO AMEND ITS AMENDED COMPLAINT FOR DECLARATORY JUDGMENT (Docket No. 82)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

    William Smith and Schneider Energy Services operated a gas well in Weld County, Colorado. In 2007, the well exploded in flames—burning and ultimately killing Reyes Garcia. Garcia's widow sued in state court for wrongful death, winning a multimillion-dollar jury verdict well in excess of Smith's and Schneider Energy's insurance coverage. In that lawsuit, Smith's insurance company—Plaintiff Century

Surety—provided a defense under a reservation of rights. *See Hecla Mining Company v. N.H. Ins. Co.*, 811 P.2d 1083, 1089 (Colo. 1991). In the separate lawsuit now before this Court, Century Surety disclaims coverage. Smith, Schneider Energy, St. Paul Fire & Marine Insurance Company (Schneider Energy's insurer), and Mrs. Garcia are named as Defendants.

Garcia[1] has moved for partial judgment on the pleadings, arguing that Century Surety's Amended Complaint fails to plausibly allege that Schneider Energy is not covered under the policy. Century Surety objects on the merits, but has also moved (in the alternative) for leave to file a second amended complaint. The Court has reviewed the parties' filings,[2] taken judicial notice of the court's file in this case and related cases,[3] and considered the applicable Federal Rules of Civil Procedure, statutes, and case law. Now being fully informed, the Court makes the following conclusions of law and recommendation.

## Garcia's Motion for Judgment on the Pleadings

Motions for judgment on the pleadings under Rule 12(c) are the functional equivalent of motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

---

[1] Garcia moves on her on behalf and as the assignee of Schneider Energy's rights.

[2] Docket Nos. 73, 81, & 106; Docket Nos. 82, 98, 104, 105, 107, & 111.

[3] Three related case are or were docketed in this Court: Case No. 14-cv-1493-RM-MJW; Case No. 14-cv-3109-RM-MJW; and Case No. 10-cv-02324-WDM-KLM.

"[M]ere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir. 2011) (internal quotation marks omitted).

Garcia's motion is based on the idea that the Amended Complaint focuses solely on coverage for Smith and makes no allegations relevant to coverage for Schneider Energy; thus, Garcia argues, Century Surety has failed to state a claim as to Schneider Energy. This argument misinterprets the Amended Complaint. The Amended Complaint sets up a simple syllogistic argument:

- The policy does not cover Smith's work as Schneider Energy's employee (Docket No. 15 ¶¶ 12–15); *and*

- The jury in the underlying action found, as a matter of fact, that the accident arose out of Smith's work as Schneider Energy's employee (*id.* ¶¶ 9–11, 24–25); *therefore*

- The policy does not cover the accident (*id.* ¶ 29).

In her motion, Garcia contends that the foregoing allegations relate only to Smith, and not to Schneider. (Docket No. 73, p. 3 ("Century alleges that the policy does not provide coverage to Smith . . . . Century's Complaint is silent with respect to its coverage obligation to Schneider . . . . Century does not request any relief from the Court based on Schneider's status . . . ."); *see also* Docket No. 106, p. 2 ("Century fails to set forth any allegations directed toward Schneider.").) But this is not true. At no point in the Amended Complaint does Century Surety limit its theory to any particular defendant. The Amended Complaint does not allege that "because Smith worked as an

Case 1:14-cv-00947-RM-MJW   Document 123   Filed 04/07/15   USDC Colorado   Page 4 of 8

4

employee, Century Surety owes no duty *to Smith*"; it alleges that "because Smith worked as an employee, Century Surety owes no duty *under the policy*."

It is true, as Garcia argues, that the Amended Complaint does not include the policy's additional-insureds schedule as an exhibit. That schedule forms the basis of both Garcia's argument (because it names Schneider Energy as an additional insured) and Century Surety's argument (because it limits Schneider Energy's coverage to "liability arising out of [Smith's] ongoing operations performed for [Schneider Energy]."). (*See* Docket No. 19-2.) It is also true that Century Surety does not refer to this language in its Amended Complaint or take the position that the clause limits Schneider Energy's coverage to liability from Smith's *covered* ongoing operations. But a complaint need only make a short and plain statement of its claim, including facts plausibly showing an entitlement to relief. Fed. R. Civ. Pro. 8(a); *Iqbal,* 556 U.S. at 678. Century Surety alleges—as a factual matter—that Smith was working as Schneider Energy's employee and that the policy does not provide any coverage for liability arising from such work. Century Surety is not required, in its complaint, to rebut every argument to the contrary that the policy might support.

The Court therefore rejects Garcia's argument that Century Surety failed to plead any facts relating to Schneider Energy's coverage. Nor has Garcia persuaded the Court that, as a matter of law, Century Surety's allegations fail to state a claim as to Schneider Energy. It may well be that, in light of all the evidence, Schneider Energy's protection under the additional-insureds endorsement is not limited to Smith's *covered* ongoing operations. But Garcia's only argument on this point relies on treating Schneider Energy as a "named insured" because it is named as an additional insured, as if the

policy drew no distinction at all between "named" and "additional" insureds.  (*See* Docket No. 73, pp.9 & 11 (citing policy's "Separation Of Insureds" clause); Docket No. 106, p.1 n.1 (same).)  Garcia cites no authority for her construction of the clause she relies on.  At this stage of proceedings, faced with such perfunctory legal argument, the Court is unwilling to conclude that this clause bars Century Surety's position as a matter of law.

Accordingly, the Court recommends that Garcia's motion for judgment on the pleadings (Docket No. 73) be denied.

### Century Surety's Motion to Amend Its Amended Complaint

As part of its response to Garcia's motion for judgment on the pleadings, Century Surety moved (in the alternative) for leave to amend its complaint.  (Docket No. 82 ¶ 2.)  Because the Court recommends that Garcia's motion for judgment on the pleadings be denied, the Court further recommends that Century Surety's motion to amend the pleadings be denied as moot.  That said, if Judge Moore declines to adopt the foregoing recommendation as to the Rule 12(c) motion, he will need to address the Rule 15(a) motion—and so the Court will discuss the motion on its merits.

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Because Century Surety has already amended once, and because the most recent amendment is opposed, Century Surety must seek the court's leave to file the Second Amended Class Action Complaint.  Fed. R. Civ. P. 15(a).  Pursuant to Rule 15, "[t]he court should freely give leave when justice so requires." *Id.* at 15(a)(2).  "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided

on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006). Thus,

> "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"

*Id.* (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

However, the Scheduling Order set a deadline of September 12, 2014, for amending the pleadings and joining parties. (Docket No. 49, p.27.) Where a motion to amend comes after the Scheduling Order deadline, the moving party must also meet the "good cause" standard of Rule 16(b):

> In practice, this standard requires the movant to show the "scheduling deadlines cannot be met despite [the movant's] diligent efforts." Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed. If the plaintiff knew of the underlying conduct but simply failed to raise [the new] claims, however, the claims are barred.

*Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014) (internal citations omitted). Further,

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the Scheduling Order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.

*Pumpco, Inc. v. Schenker Int'l, Inc.,* 204 F.R.D. 667, 668 (D. Colo. 2001) (citations and internal quotation marks omitted).

7

Applying these standards, the Court would recommend that the motion to amend be granted in part and denied in part. Most of new allegations simply add a more complete copy of the policy and add allegations as to the "additional insured" provisions. (Docket No. 82-13 ¶¶ 12–13, 16–19, 23, 28–30, 37.) These added allegations amount to no more than fleshing out a theory that Century Surety reasonably believed to be pleaded in its first Amended Complaint, and Century Surety should not be faulted for waiting until Garcia moved for judgment on the pleadings. See Minter, 451 F.2d at 1207 ("The record shows that the plaintiff delayed in asserting the alteration product liability claim against Prime Equipment because he believed it was already fairly encompassed by his pleadings. . . . [H]is assumption regarding the scope of his original pleading constitutes an excusable cause for the delay, especially in light of the defendant's own dilatoriness . . . ."). These amendments do not make any material change to Century Surety's factual or legal positions and should be allowed.

One paragraph in the proposed Second Amended Complaint, however, is objectionable. Proposed new paragraph 20 would add a new legal theory to the case: that there is no coverage under the policy due to a "professional services" exclusion. (Docket No. 82-13, ¶ 20.) Century Surety makes no argument as to why this theory could not have been included in its earlier pleadings. Indeed, Century Surety can make no such argument, as it has been aware of the theory since 2010—when it filed an earlier declaratory judgment action disclaiming coverage on that precise theory. (See

Case No. 10-cv-02324-WDM-KLM.)[4]  Century Surety made a choice not to include that theory in its pleadings in *this* case; despite plainly being aware of the professional-services exclusion, Century Surety has heretofore made this case solely about whether the policy provides coverage for Smith's work as an employee.  Century Surety has given no reason why it should be allowed to change course now.

Accordingly, should the District Judge reach the question of Century Surety's motion for leave to amend its complaint, the Court would recommend that the motion be granted as to all proposed changes except for proposed new paragraph 20.

## RECOMMENDATION

For the foregoing reasons, it is hereby **RECOMMENDED** that:

(1)   Defendant Garcia's Rule 12(c) Motion For Partial Judgment On The Pleadings **(Docket No. 73)** be **DENIED**; and

(2)   Plaintiff Century Surety's Motion To Amend Its Amended Complaint For Declaratory Judgment **(Docket No. 82)** be **DENIED AS MOOT**; or

(3)   In the alternative, that Plaintiff Century Surety's Motion To Amend Its Amended Complaint For Declaratory Judgment (Docket No. 82) be granted in part and denied in part, allowing all proposed changes except for proposed new paragraph 20.

Dated: April 7, 2015      */s/ Michael J. Watanabe*
      Denver, Colorado      Michael J. Watanabe
                               United States Magistrate Judge

---

[4] Century Surety filed this 2010 declaratory action before deciding to defend Smith and Schneider Energy in the underlying negligence action—at which point the parties voluntarily dismissed the declaratory action without prejudice.