**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-00947-RM-MJW

CENTURY SURETY COMPANY, an Ohio corporation,

Plaintiff,

v.

WILLIAM R. SMITH, an individual,
SCHNEIDER ENERGY SERVICES, INC. n/k/a LAVIR HOLDINGS, INC., a Colorado corporation,
LORENA GARCIA, for herself and as the Personal Representative of the Estate of Reyes Garcia, and
ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota corporation,

Defendants.

---

**ORDER**

---

This matter is before the Court on the April 7, 2015, "Report and Recommendation on Defendant Lorena Garcia's Rule 12(c) Motion for Partial Judgment on the Pleadings (Docket No. 73) and Century Surety's Motion to Amend its Amended Complaint for Declaratory Judgment (Docket No. 82)" (the "Recommendation") (ECF No. 123) of United States Magistrate Judge Michael J. Watanabe to deny both motions or, in the alternative, to deny the Rule 12(c) Motion but to grant in part and deny in part the Motion to Amend. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b). For the reasons stated below, the Court accepts the Recommendation and denies the Rule 12(c) Motion and the Motion to Amend (collectively, the "Motions").

## I. BACKGROUND

The parties' Motions seek various relief from the court. Upon this Court's referral of the Motions to the Magistrate Judge for recommendation, on April 7, 2015, the Magistrate Judge issued the Recommendation. No party objected to the Recommendation, and the time to do so has expired. The Recommendation did not inform the parties of their right to object. Each party, however, is represented by one or more attorneys.

## II. LEGAL STANDARDS

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3). An objection is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "'district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### III.   ANALYSIS

In this case, the Recommendation did not inform the parties of their right to object and the consequences of that failure.  Nonetheless, the Court finds the lack of notice does not require the Court to undertake a *de novo* review of the Motions because the parties are represented by counsel, but filed no objection, timely or otherwise.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (requiring magistrate judges to inform *pro se* litigants of the time period for filing of objections and the consequences of the failure to object); *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (discussing the firm waiver of appellate review rule and its exception when a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object); *Garcia v. Garcia*, No. 08-2126,  347 F. App'x 381, 382, 2009 WL 3089070, at * 1 (10th Cir. Sept. 29, 2009) ("While we [the Tenth Circuit] have held that the firm waiver rule is inapplicable when pro se litigants are not given explicit notice of the rule...we have never extended that practice to counseled cases.  We decline to do so today, because we expect counsel to know the rules.")  (citations omitted).  And, in the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers*, 927 F.2d at 1167.   In this case, the Court's review shows that Magistrate Judge Michael J. Watanabe's analysis was thorough and sound, and that there is no clear error on the face of the record.  *See* FED. R. CIV. P. 72(b) Advisory Committee's Notes.  Accordingly, the Recommendation to deny the Rule 12(c) Motion and to deny as moot the Motion to Amend is accepted and adopted as an order of this Court.

**IV.  CONCLUSION**

Based on the foregoing, it is **ORDERED**

1. That the Recommendation (ECF No. 123) is hereby **ACCEPTED** and **ADOPTED** as an order of this Court as stated herein;

2. Defendant, Lorena Garcia's Rule 12(c) Motion for Partial Judgment on the Pleadings (ECF No. 73) is **DENIED**; and

3. Plaintiff Century Surety's Motion to Amend its Amended Complaint for Declaratory Judgment (ECF No. 82) is **DENIED AS MOOT**.

DATED this 4th day of May, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge