**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14–cv–00947–RM–MJW

CENTURY SURETY COMPANY, an Ohio corporation,

    Plaintiff,

v.

WILLIAM R. SMITH, an individual,
SCHNEIDER ENERGY SERVICES, INC. n/k/a LAVIR HOLDINGS, INC., a Colorado corporation,
LORENA GARCIA, for herself and as the Personal Representative of the Estate of Reyes Garcia, and
ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota corporation,

    Defendants.

---

**ORDER**

---

    This matter is before the Court on the following matters:

(1)     Defendant St. Paul Fire & Marine Insurance Company's Notice of Resolution (ECF No. 210) that (a) St. Paul and Defendant William R. Smith have resolved St. Paul's crossclaims against Smith, and Smith's crossclaims against St. Paul; and (b) St. Paul's Motion for Summary Judgment (ECF No. 140) as against Smith *only* is moot;

(2)     Plaintiff Century Surety Company's Notice of Settlement (ECF No. 211) that (a) Century and Defendants Smith, Schneider Energy Services, Inc., and Lorena Garcia, for herself and as Personal Representative of the Estate of Reyes Garcia

    (collectively, "Settling Defendants") have settled all claims between them; and (b) the claims between Century and St. Paul remain pending; and

(3) Century and the Settling Defendants' (collectively, the "Settling Parties") "Stipulation for Dismissal with Prejudice of the Claims between Century Surety Company, Schneider Energy Services, Inc., William R. Smith and Lorena Garcia" (the "Stipulation") (ECF No. 212), signed on behalf of the Settling Parties.

Based on the pleadings, in light of the settlements, the only claims remaining for resolution should be Century's claims against St. Paul (ECF No. 15), and St. Paul's counterclaims against Century (ECF No. 34). None of the Settling Defendants, however, have been dismissed from the case. The issue before the Court is whether it should do so under the Stipulation.

  Under the Stipulation, the Settling Parties stipulated to dismissal of the claims among them, leaving one Defendant (St. Paul) remaining in the action, but have cited no rule on which the Stipulation is based. Dismissal under Fed. R. Civ. P. 21 appears feasible as it provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Read literally, dismissal under Rule 41 appears inappropriate as it applies to the dismissal of *actions*, but, here, the entire action is not being dismissed as one party – St. Paul – remains. In *Gobbo Farms & Orchards v Pool Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996), in the context of the dismissal of one claim against a single defendant, the Tenth Circuit Court of Appeals stated that Rule 41 "speaks of dismissal of an action, not just a claim within an action. [Plaintiff] offers no authority, and we have found none, to support its contention that Rule 41(a) applies to dismissal of less than all claims in an action." It appears that, at least within the Tenth Circuit, there is

uncertainty as to whether Fed. R. Civ. P. 21 or 41 applies to dismissal of a party from an action involving more than one defendant. *See Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 692–97 (D. Utah 2015).

The weight of judicial authority appears to allow the voluntary dismissal of some but not all defendants under Rule 41. 9 Charles Alan Wright et al., *Federal Practice and Procedure* § 2362 (3d ed. 2008). Regardless, the Court agrees that, in most instances, it is immaterial whether it acts under Rule 21 or 41.[1] *Id.* As such, the Court finds, under the facts and circumstances of this case, dismissal of the Settling Defendants may be appropriate under either Rule, but only as between *Century* and the Settling Defendants. There are crossclaims between St. Paul and Smith/Garcia[2] (two of the Settling Defendants) which, although settled, have not been dismissed from this case. In light of the foregoing, it is **ORDERED**

(1) Pursuant to the "Stipulation for Dismissal with Prejudice of the Claims between Century Surety Company, Schneider Energy Services, Inc., William R. Smith and Lorena Garcia" (ECF No. 212), claims amongst and between Century Surety Company, Lorena Garcia for herself and as the personal representative of the estate of Reyes Garcia, Schneider Energy Services, Inc. n/k/a Lavir Holdings, Inc. and William R. Smith are **DISMISSED WITH PREJUDICE**, with each party to pay their own costs and attorneys' fees;

---

[1] Depending on the nature of the dismissal sought, Rule 15 may also apply. *See id.*
[2] Pursuant to a *Bashor*-type agreement, Smith assigned his claims against Century and St. Paul to Garcia, but agreed to continue to pursue his claims against the insurers. (ECF No. 173, page 10.)

(2) There being no further claims by or against Schneider Energy Services, Inc. n/k/a Lavir Holdings, Inc., its name shall be removed from the caption in all future filings with the Court;

(3) That, within **seven days** of the date of this Order, St. Paul Fire & Marine Insurance Company and William R. Smith shall advise the Court: (a) if they seek dismissal of the crossclaims between them and, if so, the nature of the relief sought (*e.g.,* dismissal with prejudice); and (b) whether such dismissal also applies to Lorena Garcia, in all capacities, such that she should also be dismissed entirely from this case; and

(4) That, in light of the Stipulation, the following motions are **DENIED AS MOOT**:

   (a) Schneider Energy's Motion for Summary Judgment (ECF No. 137) against Century Surety Company;

   (b) "Century Surety Company's Motion for Summary Judgment on Complaint and on Smith Counter-Claim" (ECF No. 138);

   (c) "Defendant William R. Smith's Motion to Strike Certain Arguments and Evidence in Support of Century Surety Company's Motion for Summary Judgment on Complaint and on Smith Counter-Claim" (ECF No. 151);

   (d) "Defendant William R. Smith's Motion in Limine to Preclude Plaintiff Century Surety Company from Offering Certain Evidence and Arguments at Trial" (ECF No. 163);

   (e) "Century Surety's Motion to Strike or Limit Testimony of Experts Disclosed by Defendants William R. Smith and Lorena Garcia and Joinder in [Doc. 132] St. Paul

      Fire and Marine Insurance Company's Motion to Strike or Limit Testimony of Experts Endorsed by Defendants William R. Smith and Lorena Garcia" (ECF No. 166); and

(f) "Defendant William R. Smith's Motion to Certify Questions to the Colorado Supreme Court Pursuant to C.A.R. 21.1 and 10th Cir.R 27.1(A) and Abate this Case Pending the Colorado Supreme Court's Decision on Those Questions" (ECF No. 196).

DATED this 16th day of February, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge